IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES; CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; OKLAHOMA STATE HOME BUILDERS ASSOCIATION; STATE CHAMBER OF OKLAHOMA; NATIONAL CHICKEN COUNCIL; NATIONAL TURKEY FEDERATION; and U.S. POULTRY & EGG ASSOCIATION, | ) ) ) ) ) ) ) ) ) ) | |
| PLAINTIFFS, | ) ) | CIV-17-009-R |
| v. | ) ) | |
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, in his official capacity; | ) ) ) ) | |
| DOROTHY DOUGHERTY, DEPUTY ASSISTANT SECRETARY OF LABOR FOR OCCUPATIONAL SAFETY AND HEALTH, in her official capacity; | ) ) ) ) ) | |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION; and | ) ) ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | |
| DEFENDANTS. | ) ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO INTERVENE AS DEFENDANTS BY PUBLIC CITIZEN HEALTH RESEARCH GROUP, AMERICAN PUBLIC HEALTH ASSOCIATION, COUNCIL OF STATE AND TERRITORIAL EPIDEMIOLOGISTS, AND CENTER FOR MEDIA AND DEMOCRACY

Plaintiffs submit this Response in Opposition to the Public Citizen Health Research Group, American Public Health Association, Council of State and Territorial Epidemiologists, and Center for Media and Democracy's (collectively, "Research Groups") Motion to Intervene as Defendants ("Motion") in the above-captioned case. *See* Dkt. Nos. 46 and 47.  The Research Groups have failed to demonstrate that they are entitled to intervention as of right.  In particular, there is no basis at present to conclude that the Research Groups' interests in the Rule would not be adequately represented by the Defendants.  In addition, the Research Groups have failed to demonstrate that permissive intervention is warranted.  The Research Groups' Motion should be denied.

## BACKGROUND

As this Court is aware, this action involves a challenge to a final rule issued by the Occupational Safety and Health Administration ("OSHA" or "the Agency"), entitled "Improve Tracking of Workplace Injuries and Illnesses," 81 Fed. Reg. 29,624 (May 12, 2016), as revised at 81 Fed. Reg. 31,854 (May 20, 2016) (the "Rule").  The Rule has three components.  It requires certain employers to submit injury and illness recordkeeping forms to OSHA electronically, which OSHA will then make publicly available on an online database.  81 Fed. Reg. at 29,692.  It requires employers to establish "reasonable" reporting procedures for employees to report work-related injuries, and it gives OSHA additional authority to redress alleged discrimination and retaliation against employees for reporting a work-related injury or illness beyond that expressly given the Agency by Congress.  *Id.* at 29,691-92.

The Research Groups consist of organizations purporting to perform "research" and "advocacy" on workplace safety and health issues.   In their Motion and accompanying Memorandum in Support of Public Health Intervenors' Motion to Intervene as Defendants ("Memorandum"), the Research Groups appear to claim an interest only in the first component of the Rule and, more specifically, OSHA's intent to post the injury and illness information on an online database accessible to the public.  The Research Groups claim that they "will use and benefit from the electronic reporting and public disclosure provisions of the Rule" and seek to intervene to "defend the reporting and disclosure requirements."  Memorandum, p. 2.

## ARGUMENT

**A.** **The Research Groups Have Not Demonstrated That They Are Entitled To Intervention As Of Right.**

Intervention as of right under Federal Rule of Civil Procedure 24(a) may be granted to anyone upon timely application: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.  *San Juan Cty. v. United States*, 503 F.3d 1163, 1187-88 (10th Cir. 2007) (*en banc*).

The Research Groups rely on the second prong of Rule 24(a) to justify intervention.  In doing so, the Research Groups have the burden of demonstrating that

they have an interest in the action that may be impaired or impeded by the outcome of the case and that their interest is not adequately represented by existing parties. *See Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010). The Research Groups have failed to meet this burden.

The Research Groups have not shown that their interests are not adequately represented by Defendants. "[R]epresentation is adequate 'when the objective of the applicant for intervention is identical to that of one of the parties.'" *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. DOI*, 100 F.3d 837, 844-45 (10th Cir. 1996) (internal citations omitted). There is no basis to conclude at present that the Research Groups' interest in defending the electronic reporting and public disclosure provisions of the Rule is not adequately represented by the Government.

The Research Groups argue that their interests diverge from the Government's because the Government does not have an interest with respect to the public disclosure requirement:

> If, for example, the electronic submission requirement survives this litigation but the public disclosure requirement does not, OSHA will obtain the data it seeks from employers and will be able to use that data as described in the Rule …. Because OSHA obtains no appreciable benefit from the public disclosure of the data it obtains from employers, OSHA may not have a strong interest in maintaining a robust public disclosure requirement. OSHA may, therefore, be willing to compromise, weaken, or eliminate the public disclosure component of the Rule.

Memorandum, p. 10. This argument is wholly speculative, and in any event it disregards the Agency's justification for the Rule. In the preamble to the Rule itself, OSHA argued that the publication of injury and illness information would improve workplace safety and

health as "employers, employees, employee representatives, the government, and researchers may be better able to identify and mitigate workplace hazards and thereby prevent worker injuries and illnesses." 81 Fed. Reg. at 29,629.

The public disclosure requirement was also the primary reason that OSHA added the requirements in the Rule for "reasonable" reporting procedures after not including these provisions in the original proposed rule. *See* Dkt. 1, pp. 14-15. The provisions were added as a result of comments from members of the public that public disclosure would cause employers to discourage employees from reporting injuries and illnesses. *Id.* Contrary to the claims of the Research Groups, its interests in the Rule and the interests of the Government appear to be aligned.

The Research Groups' speculation that the new Administration might not defend the Rule is also unpersuasive. *See Solid Waste Agency v. United States Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996) (denying motion to intervene based on speculative fears of future changes in government's litigation position). The Government has stated that it intends to defend the Rule as long as it remains in force. *See* Dkt. 62, pp.5-6.

**B.    The Research Groups Have Not Demonstrated That They Are Entitled To Permissive Intervention.**

In the alternative, the Research Groups also seek permissive intervention under Federal Rule of Civil Procedure 24(b). Rule 24(b) allows permissive intervention where: (1) the application to intervene is timely; (2) the applicant's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not

unduly delay or prejudice the adjudication of the original parties' rights.  *See XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 U.S. Dist. LEXIS 52143, at *56-57 (D.N.M. Apr. 18, 2016) (citing *Forest Guardians v. U.S. Dep't of Interior*, 2004 U.S. Dist. LEXIS 32070, 2004 WL 3426413, at *10-11 (D.N.M. Jan. 12, 2004)); *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005).  Generally, "a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention."  *XTO Energy, Inc.*, 2016 U.S. Dist. LEXIS 52143, at *57 (internal citation omitted).

For the reasons set forth above, permissive intervention should be denied here, as the Research Groups have failed to demonstrate that their interests are not adequately represented by Defendants.  Should the Research Groups wish to advance their arguments to this Court, they may seek to participate as an amicus, which is a more appropriate mechanism for their participation than intervention.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: June 12, 2017                    Respectfully submitted,

                                        *JACKSON LEWIS P.C.*


*/s/ Nathan L. Whatley*                 */s/ Bradford T. Hammock*
*Nathan L. Whatley, OBA #14601 (Local*  *Bradford T. Hammock (Lead)*
*Counsel)*                              *Tressi L. Cordaro*
*McAfee & Taft A Professional Corporation*  *Raymond Perez*
*10th Floor, Two Leadership Square*     *10701 Parkridge Boulevard, Suite 300*
*211 North Robinson*                    *Reston, VA 20191*
*Oklahoma City, OK 73102-7103*          *Telephone:  (703) 483-8300*
*Tel:     (405) 235-9621*               *Facsimile:  (703) 483-8301*
*Fax:     (405) 235-0439*               *HammockB@jacksonlewis.com*
*Nathan.Whatley@mcafeetaft.com*         *Tressi.Cordaro@jacksonlewis.com*
                                        *Raymond.Perez@jacksonlewis.com*


                                        *Attorneys for Plaintiffs*



Of Counsel:

David Jaffe                             Steven P. Lehotsky
Felicia Watson                          Janet Galeria
National Association of Home Builders   U.S. Chamber Litigation Center
  of the United States                  1615 H Street NW
1201 15th Street, NW                    Washington, DC 20062
Washington, DC 20005                    Telephone:  (202) 463-5337
Telephone:  (202) 266-8200              *Attorneys for Plaintiff Chamber of*
*Attorneys for Plaintiff National Association*  *Commerce of the United States of America*
*of Home Builders of the United States*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2017, a true, correct, and exact copy of the foregoing document was served via electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.


/s/Nathan L. Whatley