IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. ALEXANDER ACOSTA, SECRETARY OF LABOR, his official capacity, *et al.*,<br><br>*Defendants*. | CIV-17-009-R |

### DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS

Defendants ("the Government") respectfully move this Court to stay proceedings in the above-captioned matter so that the Occupational Safety and Health Administration ("OSHA") can determine whether to reconsider, revise, or remove portions of the rule at issue in this case. Plaintiffs do not oppose this request. In support of this motion, the Government states as follows:

1. As the Court is aware, this case involves several facial challenges to the Recordkeeping Modernization Rule ("the Rule"), which was promulgated by the Occupational Safety and Health Administration ("OSHA") in May 2016. *See* Improve Tracking of Workplace Injuries and Illnesses, 81 Fed. Reg. 29,624 (May 12, 2016), *as revised at* 81 Fed. Reg. 31,854 (May 20, 2016). The Rule principally provides that certain employers must submit injury and illness data electronically, that employers must establish

reasonable reporting procedures for injuries and illnesses, and that employers may not retaliate against employees for reporting an injury or illness. *See id.*

2.  From the outset of this litigation, the parties have agreed that Plaintiffs' claims are best resolved through cross-motions for summary judgment, based on the record compiled by OSHA in promulgating the Rule. *See* ECF No. 37; *see also* ECF No. 38 (adopting parties' proposal for submitting summary judgment briefing schedule). On June 12, 2017, the Court extended the deadline for the parties to propose a summary judgment briefing schedule to July 12, 2017. ECF No. 66. The Court did so after the parties explained that OSHA intended to propose delaying the July 1, 2017 deadline for certain employers to submit the first batch of information required under the Rule. *See* ECF No. 65 at 2. The parties also indicated that OSHA was "still considering whether to go through rulemaking to make additional changes to the Rule," beyond the postponement of the July 1 deadline. *Id.*

3.  On June 28, 2017, OSHA published a Notice of Proposed Rulemaking ("NPRM") that addressed both the deadline for submitting the initial round of electronic data and the question of whether additional portions of the Rule would be subject to changes. *See* Tracking of Workplace Injuries and Illnesses: Proposed Delay of Compliance Date, 82 Fed. Reg. 29,261-01 (June 28, 2017). First, the NPRM proposes extending the deadline by which employers must submit the initial batch of electronic data to December 1, 2017. *Id.* Second, the NPRM explains that OSHA "intends to issue a separate proposal to reconsider, revise, or remove other provisions of the prior final rule." *Id.* In other words, OSHA has confirmed that it will propose additional

rulemaking that could directly affect the scope of the Rule, and therefore the claims at issue in this litigation.

4. In light of this recent development, the Government requests that the Court stay this case so that OSHA may develop the contemplated proposal to reconsider, revise, or remove provisions of the Rule. This Court, like any district court presiding over a civil action, "has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). When an agency announces that it intends to engage in rulemaking that could affect the scope of a matter in litigation, courts will often stay (or hold in abeyance) the litigation to allow the agency time to undertake the proposed rulemaking. *See, e.g.*, *Am. Petroleum Inst. v. E.P.A.*, 683 F.3d 382, 384 (D.C. Cir. 2012) (ordering a case held in abeyance after the "EPA issued a notice of proposed rulemaking that, if made final, would significantly amend" the decision at issue in the litigation).

5. Given OSHA's decision to propose rulemaking that could affect the requirements of the Rule, there is good cause for granting the Government's request to stay this case. Staying this litigation would conserve judicial resources because additional rulemaking could eliminate or simplify some of the issues in dispute. Accordingly, proceeding with motions for summary judgment risks the parties briefing (and the Court considering) issues that could become moot—a possibility this Court highlighted in its

recent decision on the two motions to intervene.  *See* ECF No. 70 at 8-9.[1]  Moreover, Plaintiffs do not oppose the request for a stay, so there is no risk of undue prejudice.

6. Finally, granting the motion to stay would align the schedule in this case (if not the precise procedural posture) with that in a Northern District of Texas case raising a comparable challenge to the Rule.  There, the Government similarly filed an unopposed motion to stay, citing the same concerns about the forthcoming rulemaking's effects on the litigation.  *See* Motion to Stay, *TEXO ABC/AGC, Inc. v. Acosta*, No. 3:16-cv-1998 (N.D. Tex. June 29, 2017), ECF No. 69.  After receiving the Government's motion, the district court in *TEXO* granted relief that actually exceeded the Government's request—administratively closing the case, rather than staying it.  *See* Order, *TEXO ABC/AGC, Inc. v. Acosta*, No. 3:16-cv-1998 (N.D. Tex. June 30, 2017), ECF No. 71.  Like a stay, however, the decision in *TEXO* ensures that further proceedings with respect to the Rule can await the forthcoming rulemaking.  In this case, as in that one, the Government does not request administrative closure but rather simply a stay.

7. If this Court stays the case, the Government respectfully suggests that it submit status reports every 90 days updating the Court as to the progress of the forthcoming rulemaking.

---

[1] Consistent with the Court's reasoning in that decision, the June 28, 2017 NPRM confirms that OSHA is proceeding "through the appropriate formal rulemaking process" with respect to any changes to the Rule.  ECF No. 70 at 8.

WHEREFORE, the Government respectfully requests that the Court grant its motion to stay this case. A proposed order is being emailed to chambers concurrent with the filing of this motion.

Dated: July 10, 2017                                  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JUDRY L. SUBAR
Assistant Director, Federal Programs Branch

*/s/ Michael H. Baer*
MICHAEL H. BAER
Trial Attorney (NY Bar No. 5384300)
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone:   (202) 305-8573
Facsimile:   (202) 616-8460
E-mail:      Michael.H.Baer@usdoj.gov

*Counsel for Defendants*

- 6 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 10, 2017, a true, correct, and exact copy of the foregoing document was served via electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.

*/s/ Michael H. Baer*
*Michael H. Baer*
